FILED IN CLERK'S OFFICE
U.S.D.C.  Atlanta

OCT 2 0 2006

JAMES N. HATTEN, Clerk
By
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| LARRY RAY BOWLING, | :: | CIVIL ACTION NO. |
| Inmate # 93006723, | :: | 1:06-CV-0890-WSD |
|     Plaintiff, | :: | |
| | :: | |
|     v. | :: | |
| | :: | |
| COUNTY OF GWINNETT, | :: | PRISONER CIVIL RIGHTS |
| SERGEANT SIMMS, | :: | 42 U.S.C. § 1983 |
| RAPID RESPONSE TEAM, | :: | |
|     Defendants. | :: | |

## ORDER AND OPINION

Plaintiff, an inmate at the Gwinnett County Detention Center in Lawrenceville, Georgia, has filed the instant pro se 42 U.S.C. § 1983 action. [Doc. 1-1.] Plaintiff has been granted in forma pauperis status, and the matter is now before the Court for a 28 U.S.C. § 1915A screening.

### I. 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A

AO 72A
(Rev.8/82)

claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal.  See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

2

## II.  Plaintiff's allegations

Plaintiff sets forth the following allegations against Gwinnett County, the Rapid Response Team (RRT) at the Gwinnett County Detention Center (GCDC), and Sergeant Simms, the supervisor of the RRT.  [Doc. 1-1 ¶ III.]  Plaintiff asserts that on June 24, 2004, the RRT performed a "shakedown" on his cell pod, during which a "masked deputy" used excessive force on his previously injured left shoulder, causing a ripped rotator cuff, torn cartilage, and a torn ligament.  [Id. ¶¶ IV, V.]  On October 18, 2004, Plaintiff underwent surgery to repair the damage to his shoulder.  [Id. ¶ IV.]  Since then, Plaintiff claims he has not received adequate medical care in two respects:  (i) he has not been provided physical therapy at Resurgens Orthopaedics, the practice which performed surgery on his shoulder;[1] and (ii) that the pain medication that has been provided does not address his pain adequately.[2]  [Id. ¶¶ IV, V.]  Accordingly, Plaintiff seeks "proper medical care" from an off-site medical provider who offers physical therapy "to help with

---

[1]  A GCDC doctor discontinued Plaintiff's therapy following the operation Plaintiff had on his shoulder when the physician determined that therapy was no longer necessary.  [Doc. I-1, IV].

[2]  Plaintiff mentions he received Vicodin after his surgery suggesting he thinks that should be made available to him now.  Id.

AO 72A
(Rev.8/82)

the pain" and also seeks more powerful pain medication.  [Id. ¶ V.]  Plaintiff

further requests this Court to order the RRT to stop using excessive force at the

GCDC and to order the dismissal or suspension of Sergeant Simms and the

unnamed deputy who injured him.  [Id.]

### III.  Discussion

**A.    Exhaustion of administrative remedies**

"[N]o action shall be brought with respect to prison conditions under [42

U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison,

or other correctional facility until such administrative remedies as are available are

exhausted."  42 U.S.C. § 1997e(a).  This "exhaustion requirement 'applies to all

inmate suits about prison life, whether they involve general circumstances or

particular episodes, and whether they allege excessive force or some other wrong.'

This provision entirely eliminates judicial discretion and instead mandates strict

exhaustion, 'irrespective of the forms of relief sought and offered through

administrative avenues.'"  Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir.

2005) (citation omitted) (quoting Porter v. Nussle, 534 U.S. 516, 532 (2002), and

Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)), cert. denied, 126 S. Ct. 2978

(2006).  There is no futility exception to this exhaustion requirement.  See

4

Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998) (stating that "the judicially recognized futility and inadequacy exceptions do not survive the new mandatory exhaustion requirement" of the Prison Litigation Reform Act of 1995 (PLRA), and "there is no longer discretion to waive the exhaustion requirement"). Finally, "an untimely grievance does not satisfy the exhaustion requirement of the PLRA." Johnson, 418 F.3d at 1157, 1158-59 (ordering dismissal of plaintiff's § 1983 complaint for failure to exhaust administrative remedies and noting that plaintiff "did not request leave to file an untimely administrative grievance and did not assert good cause for his failure to file a timely grievance before he filed his federal complaint").

Plaintiff previously filed a civil action in this Court complaining about the June 24, 2004, injury to his arm which he alleged was caused by the RRT . This action was dismissed for lack of exhaustion. See Bowling v. Simms, Civil Action No. 1:06-CV-0400 (N.D. Ga. Mar. 21, 2006). Plaintiff then filed a GCDC Pre-Grievance Resolution Form on March 22, 2006, and a GCDC Inmate Request (grievance) on March 23, 2006, complaining about the June 24, 2004, incident and seeking relief for the permanent damage to his shoulder, namely, "the suspension of R.R.T. until the guilty Deputy is brought forth and fired," and fourteen million

5

dollars in damages for physical and mental suffering and "lost future wages due to the surgery leaving [his] shoulder permanently disabled." [Doc. 1-1 at 6-7, 9.]

The Response to Pre-Grievance indicated that excessive force was not used during the June 24, 2004 incident and, although two inmates were treated for injuries following the incident, "neither of these injuries [was] caused by physical contact from RRT members." [Id. at 8.] In addition, the response indicated that Plaintiff had received an operation for his shoulder and follow-up therapy, which "was only discontinued when the GCDC physician felt it was no longer necessary." [Id.] Plaintiff's actual grievance was denied as untimely because it was not filed within three days of the alleged June 24, 2004 incident. [Id. at 10.] Because Plaintiff untimely filed his administrative grievance with respect to the incident at issue here, and because Plaintiff has not undertaken to show good cause for his failure timely to exhaust, his claims against the RRT and Sergeant Simms arising out of the June 24, 2004, incident are required to be dismissed.

**B.    Deliberate indifference to a serious medical need**

The Eighth Amendment prohibits indifference to a serious medical need so deliberate that it "constitutes the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal quotations omitted). The

Supreme Court has recognized "the government's obligation to provide medical care for those whom it is punishing by incarceration.  An inmate must rely on prison authorities to treat his medical needs . . . . [D]enial of medical care may result in [unnecessary] pain and suffering . . . . [that] is inconsistent" with the view that it is "just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself." Id. at 103-04 (citations and internal quotations omitted).

To demonstrate deliberate indifference, a plaintiff must show both "an objectively serious medical need" and the defendant's subjective knowledge of, and more than negligent disregard of, that need.  Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003).  See also Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994) (noting that "a 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention"), abrogated on other grounds by Hope v. Pelzer, 536 U.S. 730 (2002).  A plaintiff may establish deliberate indifference by showing that a prison official failed or refused to provide care for his serious medical condition, delayed care "even for a period of hours," chose "an easier but less efficacious course of

7

treatment," or provided care that was "grossly inadequate" or "so cursory as to amount to no treatment at all." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).

Negligence, however, even that which arises to the level of medical malpractice, does not constitute deliberate indifference. McElligott, 182 F.3d at 1254. See also Hinson v. Edmond, 192 F.3d 1342, 1345 (11th Cir. 1999) (noting that it is well-settled that "medical malpractice–negligence by a physician–is insufficient to form the basis of a claim for deliberate indifference"), amended by 205 F.3d 1264 (11th Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (noting that "[m]ere negligence in diagnosing or treating a medical condition is an insufficient basis" for a deliberate indifference claim). Nor does a simple disagreement over a diagnosis or course of treatment constitute deliberate indifference. As long as the medical treatment provided is "minimally adequate," a prisoner's preference for a different treatment does not give rise to a constitutional claim. See Harris v. Thigpen, 941 F.2d 1495, 1504-05 (11th Cir. 1991); see also Adams, 61 F.3d at 1547 (concluding that the medical provider's "failure to administer stronger medication" to a prisoner who subsequently died was "a

8

medical judgment and, therefore, an inappropriate basis for imposing liability under section 1983").

It does not appear that Plaintiff has asserted claims in this action against any individual who was responsible for his medical care. Under certain circumstances, Gwinnett County itself could be liable for constitutional deficiencies in the medical care provided to an inmate. See McDowell v. Brown, 392 F.3d 1283, 1289-93 (11th Cir. 2004) (assessing whether a county might be liable for constitutionally deficient medical care based on its alleged underfunding of the county jail); Powell v. Barrett, 376 F. Supp. 2d 1340, 1356 (N.D. Ga. 2005) (Story, J.) (acknowledging the possibility of a viable claim of deliberate indifference against a county "where a county's *own* duty to provide medical care to inmates [is] at issue"). While the Court does not conclude that Plaintiff could sustain an action against Gwinnett County based on complaints regarding alleged deficiencies in the ongoing course of his medical care at the GCDC, assuming he could, the specific treatment inadequacies alleged here are not actionable.

Plaintiff's complaints about his medical treatment at the GCDC are based on his disagreement with the decision not to provide him with therapy administered at an off-site location and the decision not to give him different medication for

9

shoulder pain he alleges he continued to experience after his surgery. Specifically, Plaintiff believes physical therapy should have been continued to be provided by the private, off-site Resurgens Orthopaedic Clinic (the practice which performed his shoulder surgery), and that he should receive pain medication stronger than what has been prescribed. A disagreement over a course of treatment is an insufficient basis to support a viable claim of deliberate indifference to a serious medical need. Because Plaintiff raises only a treatment dispute here, Plaintiff has failed to state a claim.

## IV. <u>Conclusion</u>

For the foregoing reasons, this Court finds that Plaintiff has failed to state a claim on which relief may be granted, and the instant complaint is hereby **DISMISSED**. <u>See</u> 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED** this 20th day of October, 2006.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

10